UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR E. GROSSETTI, JR., *on behalf of Estate of Page Llewellyn Jackson, III*,

                              Plaintiff,

        -against-

COMMISSIONER OF INTERNAL REVENUE,

                              Defendant.

19-CV-6784 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Victor E. Grossetti, Jr., the Executor of the Estate of Page Llewellyn Jackson, III, brings this action *pro se* on behalf of the Estate to secure a federal income tax refund under 26 U.S.C. § 7422. Grossetti filed an application to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court denies the IFP application and grants the Plaintiff Estate leave to pay the relevant fees – a $350.00 filing fee and a $50.00 administrative fee – and to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In September 2018, Grossetti was appointed the Executor of the Estate. Prior to his death, the decedent filed a tax return for 2017, but neglected to file Form 8962. After Grossetti was appointed Executor, he filed Form 8962 on behalf of the Estate in order to collect the decedent's tax refund. Grossetti hired an accountant, who determined that the Estate was owed a refund of $3,722.60. The IRS informed Grossetti that it was going to reduce the refund by over $2,000, but did not provide a reason. The complaint alleges that the IRS has not paid the refund nor provided any additional information about the reduction. The Estate seeks the original amount of the

refund, along with accounting and legal fees that the Estate has incurred as a result of the non-payment.

Grossetti also filed an IFP application on behalf of the Estate, on which it appears he documented his personal financial resources rather than those of the Estate.

## DISCUSSION

### A.    IFP application

The Court denies the IFP application. Only natural persons may proceed IFP under 28 U.S.C. § 1915. *Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993). Because an estate is not a natural person, it may not proceed IFP. *See Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009); *In re Estate of Van Putten*, 553 F. App'x 328 (3d Cir. 2009) (per curiam); *Davis v. Yale New Haven Hosp.*, No. 16-CV-1578, 2017 WL 6459499, at *2 (D. Conn. Dec. 11, 2017). If the Estate decides to file an amended complaint, it must pay the $400.00 in relevant fees.

### B.    Plaintiff's *pro se* status

A person who is not an attorney may only represent himself in a *pro se* action; he may not represent another entity. *See Rowland*, 506 U.S. at 202-03 (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity.").

An executor of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the executor. *Pridgen*, 113 F.3 at 393. "Where there are other beneficiaries, 'an action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings.'"

*Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (quoting *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998)). Therefore, only an "administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate." *Id.* at 21. The complaint states that Grossetti is the Executor of the Estate, but it does not assert facts indicating that Grossetti is the sole beneficiary of the Estate and that the Estate has no creditors.

## LEAVE TO AMEND

The Court grants Plaintiff leave to file an amended complaint. If Grossetti intends to proceed *pro se* on behalf of the Estate, an amended complaint must assert facts indicating that Grossetti is the sole beneficiary of the Estate and that the Estate has no creditors. If Grossetti is not the Estate's sole beneficiary, or if the Estate has creditors, the Estate must obtain counsel in order to proceed with this action.

Because an Estate may not proceed IFP, any amended complaint must be accompanied by the $400.00 in relevant fees required to commence an action in this Court.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket.[1]

The Court denies the application to proceed IFP.

The Court grants leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

---

[1] Plaintiff has consented to receive electronic service of Court documents. (ECF No. 3.)

within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-6784 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and Plaintiff cannot show good cause to excuse such failure, the Court will dismiss the complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   September 26, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial: ☐ Yes     ☐ No
(check one)

I.      **Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1    Name  _____

                    Street Address  _____

                    County, City  _____

                    State & Zip Code  _____

                    Telephone Number  _____


Defendant  No. 2    Name  _____

                    Street Address  _____

                    County, City  _____

                    State & Zip Code  _____

                    Telephone Number  _____


Defendant  No. 3    Name  _____

                    Street Address  _____

                    County, City  _____

                    State & Zip Code  _____

                    Telephone Number  _____


Defendant  No. 4    Name  _____

                    Street Address  _____

                    County, City  _____

                    State & Zip Code  _____

                    Telephone Number  _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☐ Federal Questions                    ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right
      is at issue?  _____
      _____
      _____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

      Plaintiff(s) state(s) of citizenship  _____

      Defendant(s) state(s) of citizenship  _____
      _____

## III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.    Facts: _____

| What happened to you? |

_____
_____
_____
_____

| Who did what? |

_____
_____
_____
_____

| Was anyone else involved? |

_____
_____

| Who else saw what happened? |

_____
_____
_____

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20__.

Signature of Plaintiff      _____

Mailing Address      _____

_____

_____

Telephone Number      _____

Fax Number *(if you have one)*   _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number      _____